NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3379
_____

JOBE DANGANAN, on behalf of himself
and all others similarly situated,
Appellant

v.

GUARDIAN PROTECTION SERVICES
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2-15-cv-01495)
District Judge: Hon. Cynthia Reed Eddy, Magistrate Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 13, 2017
_____

Before: GREENAWAY, JR. and SHWARTZ *Circuit Judges,* and
SIMANDLE,[*] *District Judge.*

(Opinion Filed: August 6, 2018)
_____

OPINION[**]
_____

_____

[*] The Honorable Jerome B. Simandle, Senior United States District Judge for the
District of New Jersey, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Jobe Danganan initiated this action on behalf of himself and a putative

nationwide class of similarly situated individuals against Appellee Guardian Protection

Services seeking relief under Pennsylvania's Unfair Trade Practices and Consumer

Protection Law ("UTPCPL"), 73 Pa. Stat. and Cons. Stat. Ann. §§ 201-1 to 201-9.3, and

Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. and Cons.

Stat. Ann. §§ 2270.1–2270.6.  The District Court granted Guardian's motion to dismiss

for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, having concluded that Danganan was unable to assert a UTPCPL or FCEUA

claim because he was a non-resident of Pennsylvania who had failed to allege a

"sufficient nexus" with the Commonwealth.  App. 17.  After Danganan appealed, we

certified two questions to the Supreme Court of Pennsylvania, which accepted the

certification and then issued a written opinion rejecting the District Court's "sufficient

nexus" test.  In light of the Pennsylvania Supreme Court's decision, we will now reverse

the District Court's decision and remand for further proceedings.

## I. Background[1]

In April 2013, Danganan signed a standard form contract with Guardian to provide

home security at his Washington, D.C. residence.  The contract established a monthly

payment schedule, provided that the initial term of the agreement would be three years,

---

[1] When reviewing the granting of a motion to dismiss for failure to state a claim,
we accept all factual allegations as true and construe the complaint in the light most
favorable to the plaintiff.  *Black v. Montgomery Cty.*, 835 F.3d 358, 364 (3d Cir. 2016).

and included a choice-of-law clause stating the agreement would be governed by the laws of Pennsylvania. The following year, Danganan sold his D.C. home, moved to San Francisco, and notified Guardian that he wished to cancel his service. Despite this notice of cancellation, Guardian continued to bill Danganan each month. Danganan made several of these monthly payments to Guardian under protest, as he was concerned that doing otherwise would adversely impact his credit rating. After Danganan challenged the charges, Guardian offered him an opportunity to buy out the duration of his contract for $525, which he declined. Instead, Danganan brought this putative class action on behalf of himself and more than 17,000 similarly situated consumers, alleging that Guardian's standard contract was misleading, deceptive, and substantively unfair, in violation of both the Pennsylvania UTPCPL and FCEUA. Guardian subsequently filed a motion to dismiss, which the District Court granted, concluding that non-residents of Pennsylvania cannot recover under the two statutes unless they plead allegations that have a "sufficient nexus" with the Commonwealth.[2] App. 15. Danganan then filed this appeal.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting a motion to dismiss for failure to state a claim. *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010).

---

[2] By the consent of the parties, Magistrate Judge Cynthia Reed Eddy exercised the authority of the District Court. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

### III. Analysis

Danganan alleges that Guardian violated the Pennsylvania UTPCPL, along with the related FCEUA, by continuing to charge monthly service fees to customers for whom the company was no longer providing home protection services.[3]  The UTPCPL provides, in relevant part, that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . are . . . unlawful."  73 Pa. Stat. and Cons. Stat. Ann. § 201-3; *see also id.* § 201-2(4)(i)–(xxi) (providing examples of "[u]nfair methods of competition" and "unfair or deceptive acts of practices").  As defined by the statute, such activity includes, among other things, "[e]ngaging in any . . . fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding"  *Id.* § 201-2(4)(xxi).  The statute provides that any person who suffers an ascertainable loss as a result of the defined unlawful conduct may bring a private action to recover damages from the offending party.  *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 190 n.4 (Pa. 2007) (citing 73 Pa. Stat. and Cons. Stat. § 201-9.2).

Upon initial consideration of Danganan's appeal, we were unable to find a precedential opinion from a Pennsylvania court interpreting the scope of the UTPCPL's private right of action with respect to non-residents. We therefore certified two questions to the Supreme Court of Pennsylvania:

---

[3] Because the FCEUA is enforced through the UTPCPL, both of Danganan's claims turn on the availability of relief under the UTPCPL. *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015) (plaintiff "cannot state a claim for relief under the FCEUA if he cannot state a claim for relief under the UTPCPL").

(1) Whether a non-Pennsylvania resident may bring suit under the [UTPCPL] against a business headquartered in and operating from Pennsylvania, based on transactions which occurred outside Pennsylvania?

(2) If the UTPCPL does not allow a non-Pennsylvania resident to invoke its protections, whether the parties can, through a choice-of-law-provision, expand its protections to parties to the contract who are non-Pennsylvania resident consumers?

The Pennsylvania Supreme Court accepted the certification and, in a thorough opinion, held that the UTPCPL's "prescription against deceptive practices employed by Pennsylvania-based businesses may encompass misconduct that has occurred in other jurisdictions." *Danganan v. Guardian Prot. Servs.*, 179 A.3d 9, 16–17 (Pa. 2018). In so concluding, the court reasoned that the statute's plain language "evidence[s] no geographic limitation or residency requirement relative to the Law's application." *Id.* at 16. As such, the court "reject[ed] the sufficient nexus test as employed by the [District Court] and advanced by Guardian." *Id*. at 17. This holding rendered the second certified question moot. *Id.*

Adhering to the principle first articulated in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), that federal courts are required to apply state substantive law to diversity actions, we must apply the conclusions of the Pennsylvania Supreme Court in this case. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). Because that court concluded, contrary to the District Court, that the UTPCPL may provide a cause of action to non-residents in circumstances like those alleged by Danganan, we will reverse the decision of the District Court dismissing his complaint and remand for further proceedings consistent with this opinion and the decision of the Supreme Court of Pennsylvania.

5

## IV. Conclusion

For the reasons set forth above, we will reverse the decision of the District Court and remand for further proceedings.